THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
09 MAY 2024 05:00 pm
C. SMITH

**SIMON & SIMON, P.C.**

BY: Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Michael K. Simon, Esquire
Andrew Baron, Esquire
Chad Williams, Esquire
Joshua Baer, Esquire
Sam Reznik, Esquire
Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire
Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire
Sam Gangemi, Esquire
Abigail Boyd, Esquire
Paraskevoula Mamounas, Esquire
Richard Santosusso, Esquire
Nicole Hatton, Esquire
Rachel Rosenfeld, Esquire
Nicola Serianni, Esquire
Katherine Rice, Esquire

Attorney ID No.'s:
*201798*

***Attorneys for Plaintiff***

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Patricia Johnson<br>5700 Race St<br>Philadelphia, PA 19139<br><br>Plaintiff | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>May Term 2024 |
| v. | No. |
| Target Inc.<br>7162 Ridge Ave<br>Philadelphia, PA 19128<br>And<br>Thomas Donnelli<br>7162 Ridge Ave<br>Philadelphia, PA 19128<br>And<br>Brixmor Ivyridge SC LLC f/k/a Centro NP Ivyridge SC LLC<br>420 Lexington Ave, 7th Fl.<br>New York, NY 10170<br><br>Defendants | |

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND**
**INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-6300**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Teléfono: (215) 238-6300**

**COMPLAINT**

1. Plaintiff, Patricia Johnson, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2. Defendant, Target Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 7162 Ridge Ave, Philadelphia, PA.

3. Defendant, Thomas Donnelli, was at all times relevant hereto employed by Co-Defendant(s), acting within the scope of her/his agency, as manager of the premises, and was individually, jointly, and/or as agent of Co-Defendant, legally responsible for the care, control and/or safety of the premises located at 7162 Ridge Ave, Philadelphia, PA.

4. Defendant, Brixmor Ivyridge SC LLC f/k/a Centro NP Ivyridge SC LLC, is a business entity registered to do business in the State of New York, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 7162 Ridge Ave, Philadelphia, PA.

5. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

6. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Target, 7162 Ridge Ave in Philadelphia, PA, referred to hereinafter as "the premises."

7. On or about March 2, 2024, at approximately 4:00 P.M., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9. On or about March 2, 2024, while on Defendants' premises Plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

**COUNT I**
**Patricia Johnson v. Target Inc.**
**Negligence**

11. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance near the cashier;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers,

accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

12. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including, to the right side, arm, elbow, hip, leg and lower back, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Patricia Johnson, demands judgment in Plaintiff's favor and against Defendant, Target Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Patricia Johnson v. Thomas Donnelli**
**Negligence**

17. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance near the cashier;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

18. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including, to the right side, arm, elbow, hip, leg and lower back, all to Plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Patricia Johnson, demands judgment in Plaintiff's favor and against Defendant, Thomas Donnelli, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Patricia Johnson v. Brixmor Ivyridge SC LLC f/k/a Centro NP Ivyridge SC LLC**
**Negligence**

23. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance near the cashier;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

24. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including, to the right side, arm, elbow, hip, leg and lower back, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Patricia Johnson, demands judgment in Plaintiff's favor and against Defendant, Brixmor Ivyridge SC LLC f/k/a Centro NP Ivyridge SC LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

/s

MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

**VERIFICATION**

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Marc I. Simon

**VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

A9FE016C0AEB4FA...